

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICE OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ZION MB CHURCH, and the Greater Zion Board of Trustees, collectively and individual they are Reverend Dwight Wesley, President of The Board of Trustees, Kevin Wesley, Sr, Eugene Wilkerson, Renee Thorton, and Lillie Wesley | ) ) ) ) ) ) ) ) | **08CV3650** **JUDGE CASTILLO** **MAGISTRATE JUDGE VALDEZ** No. |
| Plaintiff | ) ) | |
| and | ) ) ) | FILED |
| Lemuel Davis, Tom Miller, William Morgan, Honorable Judge Donnesburger, and CHARTER ONE BANK Defendant | ) ) ) ) ) | JUN 2 6 2008  TC Jun 26, 2008 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT |

MOTION FOR JOINDER AND ORDER FOR STAY

**NOW COMES** Plaintiff, Greater Zion Missionary Baptist Church, an Illinois Not-For-Profit Corporation (hereinafter "Greater Zion"), Reverend Dwight Wesley, President of the Board of Trustee, and the members of the Greater Zion Board of Trustees: Kevin Wesley, Sr, Eugene Wilkerson, Kimberly Renee Thorton, and Lillie Wesley, and through its attorney, Mecca Thompson of Law Office of Mecca Thompson and for its Motion for Joinder of claim under Federal Rule of Civil Procedure 18(a) and 18(b) and states as follows:

1. The Plaintiff Dwight Wesley's constitutional claim as member of the Board of Trustee for Greater Zion did not arise until after the expiration of the one year term for the 2007 election, and after Greater Zion elected its new Board of Trustees.

2. The Plaintiff's Dwight Wesley's constitutional claim as member of the Board of Trustee having a right to control the corporation did not arise until after the court determined that it would not grant its request for trial by jury on the question of membership status.

3. The Plaintiff's Dwight Wesley's constitutional claims as a Pastor have a right to manage the day to operation of the Church did not arise until refused to

1

allow the Plaintiff to submit evidence before a jury of misrepresentation of membership.

4. The County Court's decision in 05 CH 003636 will not resolve the right to control issues whereby the Dwight Wesley is the Pastor pursuant to the bylaws of the corporation, the Pastor is elected by the members. The Pastor is President of the corporation.

5. Claims in 05 CH 003636 arise out of the same transaction and occurrence.

6. The County's decision will not resolve the right to control issues whether the those elected in 2007 can be installed in 2008 where two of the candidates on the ballot never requested declaratory judgment and court has not determined that the Lemuel Davis has the capacity to represent them? And whether the assertion post election is prejudicial to Dwight Wesley.

WHEREFORE PLAINTIFF PRAYS FOR THIS HONORABLE COURT TO DO THE FOLLOWING:

  A. Issue a stay of the proceedings in 05 CH 003636 pending a determination of whether joinder is proper.
  B. Grant the Plaintiff motion for joinder.
  C. For such other and further relief as seem meet and just.

*Mecca Thompson*
Attorney Thompson (Attorney Bar #6282173)
Attorney for Plaintiffs
Law Office of Mecca Thompson
5424 West Madison
Chicago, IL 60644
(312) 361-0449

2